Mr. Justice PRAY
delivered the opinion of the court.
The question is, whether a judgment by default on a declaration containing a count upon a promissory note and the usual money counts, there being no bill of particulars, or accounts filed with the declaration, except what refers to the promissory note, can be made final, under our statutes, without the intervention of a jury.
It is believed the question admits of a demonstration, as nearly allied, in certainty, to a mathematical demonstration as any in the law.
These propositions will not be denied:
1. That a verdict in such a case, without showing to which of the counts the evidence adduced on the trial was applicable, is not erroneous.
2. That a general judgment by default, in such a case, and a *831 writ of inquiry executed by a jury, without any thing of record to show on what evidence the jury acted, is not erroneous.
It is not then the judgment by default which is considered erroneous by the appellants, but the supposed error lies in the fact, that the plaintiff below has not executed his writ of inquiry in such a manner as to give legal certainty to the judgment.
Our statutes place “ a judgment after inquiry of damages” on the same footing as a judgment after verdict; and the former cannot “ be stayed or reversed for an omission or fault,” which would not be sufficient to stay or reverse the latter. Rev. Code, 125, sec. 91.
The whole matter resolves itself into this: What is an inquiry of damages? The term is technical, and means the legal ascertainment of damages, and may be in various ways. The section does not speak of a “ writ of inquiry of damages,” but merely of an “ inquiry of damages.”
By Rev. Code, 120, sec. 67, a method is expressly pointed out for ascertaining the amount due, where the action is founded on any instrument of writing for a sum certain, without the intervention of a jury. That this process is an inquiry of damages is certain, from the fact, that on a declaration containing but a single count upon such instrument, the judgment cannot be final until the ascertainment of damages according to this section. The clerk is authorised to make inquiry of damages, not to execute a writ of inquiry, but to ascertain and inquire of damages.
If, then, the judgment after a verdict would not be set aside, stayed, or reversed, for reason that it did not appear to which counts of the declaration the proof before the jury was applied, so for the same reason and by express statute, the judgment by default, after inquiry of damages, will not be stayed, or reversed, or set aside, because it does not appear to which count the clerk, in his ascertainment of damages, directed his attention or applied his proof.
This case has nothing to do with the doctrine applied to cases where some of the counts are good, and others bad. The counts here are all good, and the objection goes to the character and certainty of the record.
*832 The section 91, before referred to, contains within itself, internal evidence that the construction here given, is the true, legal import of the act. In the first part of it, it speaks of judgments after verdict, and in the last part, it enumerates every other species of judgment which can be given against a defendant on the plaintiff’s declaration, except two, and they are the judgment by confession, in which there can he no “ inquiry of damages,” and the judgment by default. The judgment by default is the only one of those two to which the words, “ after inquiry of damages,” can apply. In strictness there could be no judgment by default, after “ inquiry of damages,” but inasmuch as the 67th section of the same act makes such judgment final on the last day of the term at which it is rendered, and “ after inquiry of damages by the clerk,” in the manner specified, it must be to that judgment to which the 91st section refers, where it uses the words “on a judgment after inquiry of damages.” It covers the case of the “ inquiry” by the clerk, as well as the common case of the execution of a regular common law writ of inquiry.
The objection, then, is as strong against the validity of a judgment, where the record does not show on which count the jury acted, or what proof was adduced, as it is in the present case; and if not good in the former, it is not good in the latter.
The 60th section of the circuit court act would, it is believed, be sufficient to warrant the practice contended for by the appel-lees. After issue joined to the jury, no proof can be offered to the jury, on the common counts, unless there be filed with the declaration, a bill of particulars. It is immaterial how many common counts there may be in the declaration, no proof can be adduced in support of them without the account required by the section was filed with the declaration. Where the record does not show the bill of particulars, the common counts are as if they did not exist; for it is perfectly immaterial whether the act had provided that the counts should be stricken out, or be null and void, or that no proof should be offered under them. The effect in contemplation of law, is the same. If, indeed, the objection is, that proof was admitted by the judge under such counts, where no bill of particulars was filed, that can only be shown by a bill of excep *833 tions, but could never be presumed. Presumptions are never made in an appellate court, for the purpose of effecting a reversal of the decisions of inferior tribunals. The rule is the other way, and every court and officer is presumed to have acted correctly, till the particular error is pointed out.
Inasmuch, then, as on a trial at bar, either in chief or on a writ of inquiry, no proof could be legally offered, except the instrument sued on, it would seem to have followed, as a necessary consequence, without the statute of jeofails, that a verdict or writ of inquiry, executed, would be good, and a judgment thereon not erroneous, although all the money counts might be contained in the declaration. For as no proof could be legally offered under them, none would be presumed to have been admitted. In fact, to all legal purposes, the common counts, in such a case, are mere surplusage and a useless incumbrance of the record.
The judgment, then, after “inquiry of damages” by the clerk, being put upon the same footing as the judgment upon verdict, the rule contended for by the counsel of the appellee, would certainly apply, by virtue of the 60th section of the circuit court act, without regard to the general provisions of the statute of jeofails.
This point has been twice raised and adjudged in this state; first in the case of Owen v. Little and Snyder, Walker’s Rep. 326, in which the judgment of the court below, authorising the assent, was affirmed; secondly, in the case of Dakis v. Spinks, Record of Opinions, 106, in which the judgment of the court below was reversed. The last cause seems to have been determined, without any reference to the first, upon the authority of adjudged cases, in the state of New York. Those adjudications were based upon the statute of that state; and, unless their statute is the same as ours, which does not appear, such authority should have but little weight; at most, not sufficient to reverse a solemn decision of our own supreme court in the construction of our own statute.
The judgment of the court below must, therefore, be affirmed with costs.
Mr. Chief Justice Sharkey
delivered the following opinion.
It may be remembered, that when this question was before'the *834 court at a former term, I expressed myself asv being dissatisfied with the opinion.then delivered, by which it was held to be error to take judgment without discontinuing as to the common counts, and without a jury to assess damages, although I did not write out a dissenting opinion. The question, since then, has become one of very common resort, and by being so frequently agitated, has induced me to reflect upon the propriety of the inclination of mind which I then expressed. All the investigation which. I have been able to give it, and the reflection which I have been enabled to bestow on it, have but tended to fix the conviction in my mind that it is not ground of error.
Independent of particular provisions, the general and unvarying bearing of our whole system of statute law has had some weight in fixing my opinion. Every thing calculated to promote the ends of justice, has been placed on as sure, a foundation as possible, whilst every thing of a contrary tendency has been as studiously guarded against. Those who seek justice alone have few difficulties to encounter; but the legislature has manifested a disposition to abolish, as far as possible, whatever it was considered could be safely dispensed with as technicalities in legal proceedings. All objections not calculated for some good purpose are discountenanced. Matter of substance is all that is required. .Aftet a party has had an opportunity of making his proper de- ' fence, in case he fail -to do so, the statute of jeofails is so broad, that .almost every thing is cured by verdict. Before verdict, every .thing can be amended so as to bring the merits before the court. What would be error at common law is, in many instances, corrected by express provision. The circuit courts have even power .to correct their own judgments, for the purpose of doing speedy justice to parties, and many other instances might be enumerated to show the spirit in which our laws have been adopted.
, There are several particular provisions which are conclusive to my mind on this point. The 67th section of the circuit court law provides, that in all judgments on demurrer, confession, non sum i?iformatus, nil dic'd, or by default, when there is a writing, ascertaining the sum due, the interest shall be calculated by the clerk. When a party institutes suit on a note or other writing, *835 that is to be considered as the foundation of his action; and on presenting it to the clerk, he has a right to have his judgment perfected for the amount due. I take it, that an assessment of damages under this section by the clerk is equivalent to an assessment by the jury, as it must have been the intention of the legislature to make such assessment as effectual as a verdict.
By the 91st section, additional validity is given to judgments by default, by providing that they shall not be reversed for any cause which would not be good cause for reversal if there had been a verdict.
But it may be further inquired, how it can be an error as against a defendant? Error must be some violation of law which might prove injurious to a party against whom it could operate. I have not been able to imagine any possible case in which a defendant could be injured by making a judgment by default final against him, without dismissing the common counts. If there is any particular operation, it must, in all cases, be in his favor, because the plaintiff cannot a second time, recover for the same cause of action, and this alone, it seems to me, should be conclusive in the matter. It had become a settled maxim in law, that no party can take advantage of any thing, as error, which operates in his favor. How could it better his situation, if there was a verdict? The jury could receive the evidence under the first count in the declaration, and disregard the others, and the verdict would be good, whether the other counts were good or not. It cannot be said to be impairing the right of trial by jury. The party who suffers judgment by default admits that there is cause of action, and waives his opportunity of contesting the amount.
It cannot be disguised, that this question has been used as a mere instrument of delay. In very many of the cases brought up under it, the parties have appeared and pleaded, and have subsequently withdrawn their pleas, and suffered judgments by default, giving this additional evidence of the justice of the plaintiff’s claim, and their total want of a good defence. In every possible shape that I have been able to view it, it presents itself as a mere groundless *836 question, calculated in no way to effect any good purpose, and such a one as the legislature in every step has discountenanced.
It may be even questionable whether it would be error according to the English practice, where, by mere rule of court, interest is calculated by the master; but it is manifest that the legislature did not intend to let it rest on a mere rule of court here, In England, in all cases where the sum due was determined by written instrument, the writ of inquiry was dispensed with, from convenience, and because no injury could result from such practice. This rule of practice was before the legislature, and in legislating on the subject, it is but reasonable to presume, that the rule in its most beneficial form was intended to be adopted.